IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THEODORE (TED) E. DAUVEN,
BARBARA G. DAUVEN, AND
CHRISTIANA C. DAUVEN,

       Plaintiffs,

v.

U.S. BANCORP; U.S. BANK
NATIONAL ASSOCIATION, as
trustee for MASTR ASSET
BACKED SECURITIES TRUST,
2006-WMC2; WELLS FARGO AND
COMPANY; IAN REEKIE; REEKIE
PROPERTIES, LLC; STATE FARM
MUTUAL AUTOMOBILE INSURANCE
CO.; J.R. OLEYAR; DANIEL
STAUFFER; SHAWNA STAUFFER;
RANDALL STAUFFER; CHRISTINA
STAUFFER; ELIZABETH BALKOVIC
ALLAN; TERESA BALKOVIC; MARY
MARGARET WEIBEL; SAMUEL
TAYLOR V; ANNIE MECKLEY
TENNESON; DENISE FRICKE; and
KINGSLEY W. CLICK,

       Defendants.

3:13-CV-00844-AC

ORDER

1 - ORDER

**BROWN, Judge.**

Magistrate Judge John V. Acosta issued Findings and Recommendation (#140) on March 19, 2014, in which he recommends the Court grant Defendants' Motions to Dismiss (#38, #40, #43, #52, #54, #73, #95, #103) and grant Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (#120).  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Plaintiffs filed timely Objections on April 18, 2014.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).


**MOTION (#38) TO DISMISS OF DEFENDANT ANNIE MECKLEY TENNESON**

Magistrate Judge Acosta recommends granting Defendant Tenneson's Motion to Dismiss and dismissing with prejudice Plaintiffs' Claims One, Two, and Three against Tenneson on the ground that Plaintiffs' Amended Complaint does not contain any allegations that Plaintiffs are members of a protected class who suffer from invidious discrimination or that Tenneson acted with any class-based animus, and, therefore, Plaintiffs fail to state

2 - ORDER

a claim against Tenneson for violation of 42 U.S.C. § 1985(2) or (3).[1]

In their Objections Plaintiffs reiterate the arguments contained in their Response to Tenneson's Motion to Dismiss and stated at oral argument.  This Court has carefully considered Plaintiffs' Objections and concludes they do not provide a basis to modify the substantive legal analysis of the Findings and Recommendation.  The Court, however, notes the Ninth Circuit has made clear that when a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs."  *Alcala v. Rios*, 434 F. App'x 668, 670 (9th Cir. 2011)(quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)).  It is unclear on the face of the Amended Complaint that Plaintiffs could not in good faith allege they are members of a protected class who suffer from invidious discrimination or that Defendant Tenneson acted with any class-based animus.  The Court, therefore, declines to adopt the Magistrate Judge's recommendation to dismiss with prejudice Plaintiffs' claims against Tenneson.

---

[1] The Magistrate Judge found, and this Court agrees, that although Plaintiffs did not specify which clause of § 1985 they allege Defendants violated, the context of the Amended Complaint makes clear that Plaintiffs are not proceeding under § 1985(1).

Accordingly, the Court **GRANTS** Defendant Tenneson's Motion (#38) to Dismiss and **DISMISSES without prejudice** Plaintiffs' Claims One, Two, and Three against Defendant Tenneson.

## MOTION (#40) TO DISMISS OF DEFENDANT MARY MARGARET WEIBEL

Magistrate Judge Acosta recommends granting Defendant Weibel's Motion to Dismiss and dismissing with prejudice Plaintiffs' Claims One, Two, and Three against Weibel on the ground that Plaintiffs' Amended Complaint does not contain any allegations that Plaintiffs are members of a protected class who suffer from invidious discrimination or that Weibel acted with any class-based animus, and, therefore, Plaintiffs fail to state a claim for violation of 42 U.S.C. § 1985(2) or (3).

In their Objections Plaintiffs reiterate the arguments contained in their Response to Weibel's Motion to Dismiss and stated at oral argument.  This Court has carefully considered Plaintiffs' Objections and concludes they do not provide a basis to modify the substantive legal analysis of the Findings and Recommendation.  As noted, however, when a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs." *Alcala*, 434 F. App'x at 670 (quotation omitted). It is unclear on the face of the Amended Complaint that

4 - ORDER

Plaintiffs could not in good faith allege they are members of a protected class who suffer from invidious discrimination or that Weibel acted with any class-based animus.  The Court, therefore, declines to adopt the Magistrate Judge's recommendation to dismiss with prejudice Plaintiffs' claims against Weibel.

Accordingly, the Court **GRANTS** Defendant Weibel's Motion (#40) to Dismiss and **DISMISSES without prejudice** Plaintiffs' Claims One, Two, and Three against Defendant Weibel.

## MOTION (#43) TO DISMISS OF DEFENDANTS IAN REEKIE AND REEKIE PROPERTIES, LLC

Magistrate Judge Acosta recommends granting the Motion to Dismiss of Defendants Ian Reekie and Reekie Properties, LLC (Reekie Defendants) and dismissing with prejudice Plaintiffs' Claims One, Two, and Three against Reekie Defendants on the ground that Plaintiffs' Amended Complaint does not contain any allegations that Plaintiffs are members of a protected class who suffer from invidious discrimination or that Reekie Defendants acted with any class-based animus, and, therefore, Plaintiffs fail to state a claim for violation of 42 U.S.C. § 1985(2) or (3).

In their Objections Plaintiffs reiterate the arguments contained in their Response to Reekie Defendants' Motion to Dismiss and stated at oral argument.  This Court has carefully

5 - ORDER

considered Plaintiffs' Objections and concludes they do not provide a basis to modify the substantive legal analysis of the Findings and Recommendation.  As noted, however, when a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs."  *Alcala*, 434 F. App'x at 670 (quotation omitted). It is unclear on the face of the Amended Complaint that Plaintiffs could not in good faith allege they are members of a protected class who suffer from invidious discrimination or that Reekie Defendants acted with any class-based animus.  The Court, therefore, declines to adopt the Magistrate Judge's recommendation to dismiss with prejudice Plaintiffs' claims against Reekie Defendants.

Accordingly, the Court **GRANTS** Reekie Defendants' Motion (#43) to Dismiss and **DISMISSES without prejudice** Plaintiffs' Claims One, Two, and Three against Reekie Defendants.

## MOTION (#52) TO DISMISS OF DEFENDANT RANDALL STAUFFER

Magistrate Judge Acosta recommends granting Defendant Randall Stauffer's Motion to Dismiss and dismissing with prejudice Plaintiffs' Claims One, Two, Three, and Twelve against Randall Stauffer.

**I.  Plaintiffs' Claims One, Two, and Three**

6 - ORDER

The Magistrate Judge recommends dismissing with prejudice Plaintiffs' Claims One, Two, and Three against Randall Stauffer on the ground that Plaintiffs' Amended Complaint does not contain any allegations that Plaintiffs are members of a protected class who suffer from invidious discrimination or that Randall Stauffer acted with any class-based animus, and, therefore, Plaintiffs fail to state a claim for violation of 42 U.S.C. § 1985(2) or (3).

In their Objections Plaintiffs reiterate the arguments contained in their Response to Randall Stauffer's Motion to Dismiss and stated at oral argument. This Court has carefully considered Plaintiffs' Objections and concludes they do not provide a basis to modify the substantive legal analysis of the Findings and Recommendation.

## II. Plaintiffs' Claim Twelve

The Magistrate Judge recommends dismissing with prejudice Plaintiffs' Claim Twelve against Randall Stauffer on the ground that Plaintiffs have not stated a claim against Randall Stauffer under 42 U.S.C. § 1983 for violation of Plaintiffs' constitutional rights because Plaintiffs do not allege in their Amended Complaint that Randall Stauffer was a state actor, was entwined with state actors, conspired with state actors, or that his conduct is attributable to the State.

In their Objections Plaintiffs reiterate the arguments

7 - ORDER

contained in their Response to Randall Stauffer's Motion to
Dismiss and stated at oral argument.  This Court has carefully
considered Plaintiffs' Objections and concludes they do not
provide a basis to modify the substantive legal analysis of the
Findings and Recommendation.

## III. Dismissal Without Prejudice

As noted, when a plaintiff fails to state a claim, "[l]eave
to amend should be granted unless the pleading could not possibly
be cured by the allegation of other facts, and should be granted
more liberally to *pro se* plaintiffs."  *Alcala*, 434 F. App'x at
670 (quotation omitted).  It is unclear on the face of the
Amended Complaint that Plaintiffs could not in good faith allege
they are members of a protected class who suffer from invidious
discrimination; that Randall Stauffer acted with any class-based
animus; or that Randall Stauffer was a state actor, was entwined
with state actors, conspired with state actors, or that his
conduct is attributable to the State.  The Court, therefore,
declines to adopt the Magistrate Judge's recommendation to
dismiss  with prejudice Plaintiffs' claims against Randall
Stauffer.

In summary, the Court **GRANTS** Defendant Randall Stauffer's
Motion (#52) to Dismiss and **DISMISSES without prejudice**
Plaintiffs' Claims One, Two, Three, and Twelve against Randall
Stauffer.

8 - ORDER

**MOTION (#54) TO DISMISS OF DEFENDANT CHRISTINA STAUFFER**

Magistrate Judge Acosta recommends granting Defendant Christina Stauffer's Motion to Dismiss and dismissing with prejudice Plaintiffs' Claims One and Two against Christina Stauffer and dismissing without prejudice Plaintiffs' Claims Ten and Eleven against Christina Stauffer.

**I.    Plaintiffs' Claims One and Two**

The Magistrate Judge recommends dismissing with prejudice Plaintiffs' Claims One and Two against Christina Stauffer on the ground that Plaintiffs' Amended Complaint does not contain any allegations that Plaintiffs are members of a protected class who suffer from invidious discrimination or that Christina Stauffer acted with any class-based animus, and, therefore, Plaintiffs fail to state a claim for violation of 42 U.S.C. § 1985(2) or (3).

In their Objections Plaintiffs reiterate the arguments contained in their Response to Christina Stauffer's Motion to Dismiss and stated at oral argument.  This Court has carefully considered Plaintiffs' Objections and concludes they do not provide a basis to modify the substantive legal analysis of the Findings and Recommendation.

As noted, however, when a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading could not

possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs." *Alcala*, 434 F. App'x at 670 (quotation omitted).  It is unclear on the face of the Amended Complaint that Plaintiffs could not in good faith allege they are members of a protected class who suffer from invidious discrimination or that Christina Stauffer acted with any class-based animus.  The Court, therefore, declines to adopt the Magistrate Judge's recommendation to dismiss with prejudice Plaintiffs' Claims One and Two against Christina Stauffer.

## II.  Plaintiffs' Claims Ten and Eleven

The Magistrate Judge recommends dismissing without prejudice Plaintiffs' Claims Ten and Eleven against Defendant Christina Stauffer on the ground that Plaintiffs fail to state a claim for conspiracy and for constructive trust.

In their Objections Plaintiffs reiterate the arguments contained in their Response to Christina Stauffer's Motion to Dismiss and stated at oral argument.  This Court has carefully considered Plaintiffs' Objections and concludes they do not provide a basis to modify the substantive legal analysis of the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation with respect to dismissing Plaintiffs' Claims Ten and Eleven against Christina Stauffer.

10 - ORDER

In summary, the Court **GRANTS** Defendant Christina Stauffer's Motion (#54) to Dismiss and **DISMISSES without prejudice** Plaintiffs' Claims One, Two, Ten, and Eleven against Christina Stauffer.

## MOTION (#73) TO DISMISS OF DEFENDANTS U.S. BANCORP, U.S. BANK NATIONAL ASSOCIATION, AND WELLS FARGO AND COMPANY

Magistrate Judge Acosta recommends granting the Motion to Dismiss of Defendants U.S. Bancorp, U.S. Bank National Association, and Wells Fargo and Company (Bank Defendants) and dismissing with prejudice Plaintiffs' Claims One, Two, Three, and Nine and dismissing without prejudice Plaintiffs' Claim Thirteen against Bank Defendants.

## I.   Plaintiffs' Claims One, Two, and Three

The Magistrate Judge recommends dismissing with prejudice Plaintiffs' Claims One, Two, and Three against Bank Defendants on the ground that Plaintiffs' Amended Complaint does not contain any allegations that Plaintiffs are members of a protected class who suffer from invidious discrimination or that Bank Defendants acted with any class-based animus, and, therefore, Plaintiffs fail to state a claim for violation of 42 U.S.C. § 1985(2) or (3).

In their Objections Plaintiffs reiterate the arguments contained in their Response to Bank Defendant's Motion to Dismiss

11 – ORDER

and stated at oral argument.  This Court has carefully considered
Plaintiffs' Objections and concludes they do not provide a basis
to modify the substantive legal analysis of the Findings and
Recommendation.

As noted, however, when a plaintiff fails to state a claim,
"[l]eave to amend should be granted unless the pleading could not
possibly be cured by the allegation of other facts, and should be
granted more liberally to *pro se* plaintiffs." *Alcala*, 434 F.
App'x at 670 (quotation omitted).  It is unclear on the face of
the Amended Complaint that Plaintiffs could not in good faith
allege they are members of a protected class who suffer from
invidious discrimination or that Bank Defendants acted with any
class-based animus.  The Court, therefore, declines to adopt the
Magistrate Judge's recommendation to dismiss with prejudice
Plaintiffs' Claims One, Two, and Three against Bank Defendants.

**II.  Plaintiffs' Claim Nine**

The Magistrate Judge recommends dismissing with prejudice
Plaintiffs' Claim Nine against Bank Defendants on the ground that
it is barred by the doctrine of claim preclusion.

In their Objections Plaintiffs reiterate the arguments
contained in their Response to Bank Defendant's Motion to Dismiss
and stated at oral argument.  This Court has carefully considered
Plaintiffs' Objections and concludes they do not provide a basis
to modify the substantive legal analysis of the Findings and

12 - ORDER

Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation with respect to dismissing with prejudice Plaintiffs' Claim Nine against Bank Defendants.

### III. Plaintiffs' Claim Thirteen

The Magistrate Judge recommends dismissing without prejudice Plaintiffs' Claim Thirteen on the ground that Plaintiffs fail to allege Bank Defendants exercised dominion or control over Plaintiffs' personal property, and, therefore, Plaintiffs fail to state a claim for conversion.

In their Objections Plaintiffs reiterate the arguments contained in their Response to Bank Defendant's Motion to Dismiss and stated at oral argument.  This Court has carefully considered Plaintiffs' Objections and concludes they do not provide a basis to modify the substantive legal analysis of the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation with respect to dismissing Plaintiffs' Claim Thirteen against Bank Defendants.

Accordingly, the Court **GRANTS** Bank Defendants' Motion (#73) to Dismiss; **DISMISSES without prejudice** Plaintiffs' Claims One, Two, Three, and Thirteen against Bank Defendants; and **DISMISSES with prejudice** Plaintiffs' Claim Nine against Bank Defendants.

## MOTION (#95) TO DISMISS OF DEFENDANTS J.R. OLEYAR AND KINGSLEY CLICK

Magistrate Judge Acosta recommends granting the Motion to Dismiss of Defendants J.R. Oleyar and Kingsley Click (State Defendants), dismissing with prejudice Plaintiffs' Claims One through Six against Oleyar, and dismissing with prejudice Plaintiffs' Claims Seven and Eight against Click.

### I.    Plaintiffs' Claims One, Two, and Three

The Magistrate Judge recommends dismissing with prejudice Plaintiffs' Claims One, Two, and Three against Defendant Oleyar on the ground that Plaintiffs' Amended Complaint does not contain any allegations that Plaintiffs are members of a protected class who suffer from invidious discrimination or that Oleyar acted with any class-based animus, and, therefore, Plaintiffs fail to state a claim for violation of 42 U.S.C. § 1985(2) or (3).

In their Objections Plaintiffs reiterate the arguments contained in their Response to Oleyar's Motion to Dismiss and stated at oral argument.  This Court has carefully considered Plaintiffs' Objections and concludes they do not provide a basis to modify the substantive legal analysis of the Findings and Recommendation.

As noted, however, when a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading could not

possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs." *Alcala*, 434 F. App'x at 670 (quotation omitted). It is unclear on the face of the Amended Complaint that Plaintiffs could not in good faith allege they are members of a protected class who suffer from invidious discrimination or that Oleyar acted with any class-based animus. The Court, therefore, declines to adopt the Magistrate Judge's recommendation to dismiss with prejudice Plaintiffs' Claims One, Two, and Three against Oleyar.

## II. Plaintiffs' Claims Four, Five, and Six

The Magistrate Judge recommends dismissing with prejudice Plaintiffs' Claims Four, Five, and Six against Oleyar on the ground that Plaintiffs' Claims Four, Five, and Six against Oleyar are barred by the Eleventh Amendment.

In their Objections Plaintiffs reiterate the arguments contained in their Response to State Defendants' Motion to Dismiss and stated at oral argument. This Court has carefully considered Plaintiffs' Objections and concludes they do not provide a basis to modify the substantive legal analysis of the Findings and Recommendation.

The Ninth Circuit has made clear, however, that "the Eleventh Amendment . . . only bars [actions for money damages] against [state officials in their official capacity] made in federal court. Therefore, . . . claims [barred by the Eleventh

Amendment] should [be] dismissed without prejudice." *Grosz v. Lassen Cmty Coll. Dist.*, 360 F. App'x 795, 798 (9th Cir. 2009). The Court, therefore, declines to adopt the Magistrate Judge's recommendation to dismiss with prejudice Plaintiffs' Claims Four, Five, and Six against Defendant Oleyar.

**III. Plaintiffs' Claims Seven and Eight**

The Magistrate Judge recommends dismissing with prejudice Plaintiffs' Claims Seven and Eight against Defendant Click on the grounds that those claims are barred by the applicable statute of limitations and that Click may not be held liable in *respondeat superior* under § 1983 for the actions of her employees.

In their Objections Plaintiffs reiterate the arguments contained in their Response to State Defendants' Motion to Dismiss and stated at oral argument.  This Court has carefully considered Plaintiffs' Objections and concludes they do not provide a basis to modify the substantive legal analysis of the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation with respect to dismissing Plaintiffs' Claim.

Accordingly, the Court **GRANTS** State Defendants' Motion (#95) to Dismiss; **DISMISSES without prejudice** Plaintiffs' Claims One through Six against Oleyar; and **DISMISSES with prejudice** Plaintiffs' Claims Seven and Eight against Defendant Click**.**

16 - ORDER

## MOTION (#103) TO DISMISS OF DEFENDANT SAMUEL TAYLOR

Magistrate Judge Acosta recommends granting Defendant Taylor's Motion to Dismiss and dismissing with prejudice Plaintiffs' Claims One, Two, and Three against Taylor on the ground that Plaintiffs' Amended Complaint does not contain any allegations that Plaintiffs are members of a protected class who suffer from invidious discrimination or that Taylor acted with any class-based animus, and, therefore, Plaintiffs fail to state a claim for violation of 42 U.S.C. § 1985(2) or (3).

In their Objections Plaintiffs reiterate the arguments contained in their Response to Taylor's Motion to Dismiss and stated at oral argument.  This Court has carefully considered Plaintiffs' Objections and concludes they do not provide a basis to modify the substantive legal analysis of the Findings and Recommendation.  As noted, however, when a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs." *Alcala*, 434 F. App'x at 670 (quotation omitted). It is unclear on the face of the Amended Complaint that Plaintiffs could not in good faith allege they are members of a protected class who suffer from invidious discrimination or that Defendant acted with any class-based animus.  The Court,

17 - ORDER

therefore, declines to adopt the Magistrate Judge's recommendation to dismiss with prejudice Plaintiffs' claims against Taylor.

Accordingly, the Court **GRANTS** Defendant Taylor's Motion (#103) to Dismiss and **DISMISSES without prejudice** Plaintiffs' Claims One, Two, and Three against Defendant Taylor.

## MOTION (#120) OF DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY FOR SUMMARY JUDGMENT

The Magistrate Judge recommends granting Defendant State Farm's Motion for Summary Judgment and dismissing with prejudice Plaintiffs' Claims One and Three against State Farm on the ground that Plaintiffs failed to allege and/or to submit evidence in response to State Farm's Motion for Summary Judgment that State Farm acted with any racial or class-based discriminatory animus, and, therefore, Plaintiffs fail to plead or to prove a claim against State Farm for violation of 42 U.S.C. § 1985(2) or (3).

In their Objections Plaintiffs reiterate the arguments contained in their Response to State Defendants' Motion for Summary Judgment and stated at oral argument  Plaintiffs did not allege or produce evidence in their Response, at oral argument, or in their Objections that State Farm acted with any racial or class-based discriminatory animus.  This Court has carefully considered Plaintiffs' Objections and concludes they do not

provide a basis to modify the substantive legal analysis of the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation with respect to dismissing Plaintiffs' Claim.

Accordingly, the Court **GRANTS** State Farm's Motion (#120) for Summary Judgment and **DISMISSES with prejudice** Plaintiffs' Claims One and Three against Defendant State Farm**.**

<u>**CONCLUSION**</u>

The Court **ADOPTS as modified** Magistrate Judge Acosta's Findings and Recommendation (#140) and, accordingly,

1.  **GRANTS** Defendant Ann Meckley Tenneson's Motion (#38) to Dismiss and **DISMISSES without prejudice** Plaintiffs' Claims One, Two, and Three against Defendant Tenneson;

2.  **GRANTS** Defendant Mary Weibel's Motion (#40) to Dismiss and **DISMISSES without prejudice** Plaintiffs' Claims One, Two, and Three against Defendant Weibel;

3.  **GRANTS** Reekie Defendants' Motion (#43) to Dismiss of Defendants and **DISMISSES without prejudice** Plaintiffs' Claims One, Two, and Three against Reekie Defendants;

4.  **GRANTS** Defendant Randall Stauffer's Motion (#52) to Dismiss and **DISMISSES without prejudice** Plaintiffs'

Claims One, Two, Three, and Twelve against Defendant
Randall Stauffer;

5.   **GRANTS** Defendant Christina Stauffer's Motion (#54) to
Dismiss and **DISMISSES without prejudice** Plaintiffs'
Claims One, Two, Ten, and Eleven against Defendant
Christina Stauffer;

6.   **GRANTS** Bank Defendants' Motion (#73) to Dismiss;
**DISMISSES without prejudice** Plaintiffs' Claims One,
Two, Three, and Thirteen against Bank Defendants; and
**DISMISSES with prejudice** Plaintiffs' Claim Nine against
Bank Defendants;

7.   **GRANTS** State Defendants' Motion (#95) to Dismiss;
**DISMISSES without prejudice** Plaintiffs' Claims One
through Six against Defendant Oleyar; and **DISMISSES
with prejudice** Plaintiffs' Claims Seven and Eight
against Defendant Click**;**

8.   **GRANTS** Defendant Taylor's Motion (#103) to Dismiss and
**DISMISSES without prejudice** Plaintiffs' Claims One,
Two, and Three against Defendant Taylor; and

9.   **GRANTS** Defendant State Farm's Motion (#120) for Summary
Judgment and **DISMISSES with prejudice** Plaintiffs'
Claims One and Three against Defendant State Farm.

Accordingly, Plaintiffs may file a Second Amended Complaint

for review by Magistrate Judge Acosta **no later than July 22, 2014**, to the extent they can in good faith:

1.  Cure the deficiencies in Claims One and Two only against Bank Defendants; Reekie Defendants; and Defendants Oleyar, Randall Stauffer, Christina Stauffer, Weibel, Taylor, and Tenneson;

2.  Cure the deficiencies in Claim Three only against Bank Defendants; Reekie Defendants; and Defendants Oleyar, Randall Stauffer, Weibel, Taylor, and Tenneson;

3.  Cure the deficiencies in Claims Four, Five, and Six only against Defendant Oleyar;

4.  Cure the deficiencies in Claims Ten and Eleven only against Defendant Christina Stauffer;

5.  Cure the deficiencies in Claim Twelve only against Defendant Randall Stauffer; and

6.  Cure the deficiencies in Claim Thirteen only against Bank Defendants.

Plaintiffs are **not permitted** to replead the following in their Second Amended Complaint:

1.  Claims One and Two against Defendant State Farm,

2.  Claims Seven and Eight against Defendant Click, or

3.    Claim Nine against Bank Defendants.

IT IS SO ORDERED.

DATED this 30th day of June, 2014.

                        /s/ Anna J. Brown

                        _____
                        ANNA J. BROWN
                        United States District Judge

22 - ORDER